J. William Savage, OSB 773347
Email: jwsavage@earthlink.net
J. William Savage, P.C.
620 S.W. Fifth Avenue, Suite 1125
Portland, OR 97204
(503) 222-0200
Fax: (503) 248-0200
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TERESA S. FOBERT,<br>                Plaintiff,<br>     v.<br>JOYCE M. JENKINS, D.P.M.,<br>                Defendant. | Case No.:<br><br>COMPLAINT<br>Personal Injury / Medical Negligence<br>(28 U.S.C. § 1332)<br><u>Demand for Jury Trial</u> |

Plaintiff alleges:

<u>A.  Jurisdiction and Venue</u>

1.	This action is brought pursuant to 28 U.S.C. § 1332(a).  This court is vested with jurisdiction pursuant to 28 U.S.C. § 1332(a).  In this action, plaintiff seeks more than $75,000 in damages.  Plaintiff Teresa S. Fobert (Ms. Fobert) is domiciled in and resides in this district in the State of Oregon.

2.	Defendant Joyce M. Jenkins, D.P.M. (Jenkins) is presently a resident of and domiciled in

Page 1 – COMPLAINT (Medical Negligence / Personal Injury) 28 U.S.C. §1332  <u>Demand for Jury Trial</u>

the State of New Jersey.

3. All actions that give rise to this case occurred in Washington County, Oregon. This court has jurisdiction over the subject matter and parties to this action.

## B. Parties

1. At all material times, plaintiff Ms. Fobert was a resident of the State of Oregon.

2. Defendant resides in the State of New Jersey. At all material times, defendant Jenkins was a podiatrist, licensed in Oregon, who specialized in foot and ankle medicine and surgery.

## C. Facts

### Count One

1. At all material times, defendant owed a duty toward her patients, including the plaintiff Ms. Fobert herein, to treat them with reasonable care, skill and diligence in an ordinarily careful manner to avoid needlessly creating or causing harm, injury or death.

2. On or about July 13, 2011, plaintiff presented to defendant for evaluation of left foot pain. X-rays showed a bunion deformity; however, the bunion was not painful. There were no hammertoes in any of the lesser toes. There was discomfort with palpation through the 2nd metatarsophalangeal (MTP) joint, but no instability. Defendant gave plaintiff a steroid injection in the 2nd MTP joint on the left foot. Defendant authorized plaintiff to continue with cross training and running activities.

3. Defendant next examined plaintiff on September 1, 2011. Plaintiff reportedly now had a hammer toe deformity through the second toe on the left foot. The bunion deformity was still present, but non-painful.

4. Defendant next examined plaintiff on September 22, 2011. Plaintiff had persistent pain through the 2nd MTP joint on the left foot with instability there. The hammertoe on the second

toe was now worse, with subluxation of the MTP joint. The bunion deformity was still present, but non-painful.

5. On October 19, 2011, defendant operated on plaintiff's left foot performing a bunionectomy, a great toe proximal metatarsal osteotomy, and a hammertoe correction of the second toe.

6. On February 13, 2012, plaintiff was examined again by defendant. She was four months out from the bunionectomy and hammertoe repair. There was continuing discomfort and pain in the second toe on the left. There was also some dorsal subluxation through the 2nd MTP joint.

7. Due to the negligence of defendant as set forth herein, plaintiff was caused physical and mental pain and suffering, mental anguish, emotional distress, physical disability and permanent disfigurement, including the loss of the second toe on the left foot. Plaintiff was caused to undertake numerous surgeries for treatment of foot pain, disability, and pain and loss of effective function of her first and second toes on the left foot. Plaintiff was also caused to undertake numerous medical appointments, and additional physical therapy. The harms and losses caused to plaintiff have interfered with her ability to carry out her normal activities at home, work and elsewhere. One or more of these conditions, harms and losses are expected to be permanent in nature. For her noneconomic damages, and in accordance with Oregon law, plaintiff seeks such amount as the jury may deem just and appropriate, that at this time is alleged not to exceed $3,000,000.00.

8. Due to the negligence of defendant as set forth herein, plaintiff was caused to incur additional medical, surgical, therapy and related expenses. Plaintiff also suffered a loss of income and business opportunities. Plaintiff's economic losses are ongoing, and plaintiff will amend her complaint prior to trial to set forth the full amount of her economic harms and losses.

Page 3 – COMPLAINT (Medical Negligence / Personal Injury) 28 U.S.C. §1332  <u>Demand for Jury Trial</u>

At this time, for her economic damages in accordance with Oregon law and subject to amendment prior to trial, plaintiff seeks such amount as the jury may deem just and appropriate, in an amount that exceeds $75,000.00.

9. Defendant was negligent during her care and treatment of plaintiff in one or more of the following particulars:

(a) In injecting the second MTP joint with steroids;

(b) In advising plaintiff that she could engage in or continue her cross-training activities before it was safe or advisable to do so;

(c) In failing to properly address plaintiff's complaints of pain in the left foot and the second toe post-operatively;

(d) In performing a "hammertoe" repair on the second toe that was unnecessary;

(e) In performing a bunionectomy that was unnecessary;

(f) In failing to properly address or treat the second MTP joint post-operatively when evident dorsal subluxation appeared.

10. Plaintiff has filed this claim within two years of when she discovered that she was harmed or injured on account of one or more acts of medical negligence.

## Count Two

11. Defendant examined plaintiff's left foot and ankle on March 26, 2013. Plaintiff was having ongoing pain with any walking activity, and an ongoing deformity in the left foot. Plaintiff had not been able to resume her normal walking and running activities.

12. Further surgery was recommended in the form of shortening the left second toe, tendon transfers, and a great toe osteotomy with hardware removal. At a pre-operative appointment on April 29, 2013, it was noted that the sesamoids were in a lateral position and that screws at the

osteotomy site were prominent dorsomedially.

13.     Surgery was performed on May 2, 2013.  This included placement of a screw in the second metatarsal head, and purported repair of the second toe dislocation.  The lateral sesamoid remained in place.  The second toe was also shortened.

14.     Following the May 2013 surgery, plaintiff developed additional foot pain from incorrect pressure on the third toe that was the result of excessive shortening of the second toe.  Plaintiff also developed increasing discomfort, pain and disability in the area of the second metatarsal joint where the screw was placed.

15.     On or about August 28, 2013, plaintiff was informed by defendant Jenkins that Jenkins was leaving the orthopedic clinic.  Plaintiff was referred to a second podiatrist.  Plaintiff's first visit with the second podiatrist was on or about September 13, 2013, at which time a CT scan of the left foot was ordered.  Plaintiff met with the second podiatrist on or about September 30, 2013 to review the CT scan results.  At this visit, plaintiff learned that the second MTP joint was severely injured and that the screw in the second MTP joint was coming out of the bottom of the bone and into the soft tissues on the bottom of the foot.  Plaintiff later learned that the sesamoid bones were not reoriented properly and were not corrected during the second surgery.

16.     Due to the negligence of defendant as set forth herein, plaintiff was caused physical and mental pain and suffering, mental anguish, emotional distress, physical disability and permanent disfigurement, including the loss of the second toe on the left foot.  Plaintiff was caused to undertake numerous surgeries for treatment of foot pain, disability, and pain and loss of effective function of her first and second toes on the left foot.  Plaintiff was also caused to undertake numerous medical appointments, and additional physical therapy.  The harms and losses caused to plaintiff have interfered with her ability to carry out her normal activities at home, work and

elsewhere. One or more of these conditions, harms and losses are expected to be permanent in nature. For her noneconomic damages, and in accordance with Oregon law, plaintiff seeks such amount as the jury may deem just and appropriate, that at this time is alleged not to exceed $3,000,000.00.

17. Due to the negligence of defendant as set forth herein, plaintiff was caused to incur additional medical, surgical, therapy and related expenses. Plaintiff also suffered a loss of income and business opportunities. Plaintiff's economic losses are ongoing, and plaintiff will amend her complaint prior to trial to set forth the full amount of her economic harms and losses. At this time, for her economic damages in accordance with Oregon law and subject to amendment prior to trial, plaintiff seeks such amount as the jury may deem just and appropriate, in an amount that exceeds $75,000.00.

18. Defendant was negligent during her care and treatment of plaintiff in one or more of the following particulars:

(a) In failing to properly perform the surgery on or about May 2, 2013;

(b) In removing too much bone from the second toe on or about May 2, 2013 thereby shortening the second toe to an excessive degree and placing additional loading on the third toe;

(c) In placing a screw of excessive length into the second metatarsal space, which extended out of the bone and into the soft tissue below thereby causing damage to the soft tissue in and around the plantar plate and tendons;

(d) In failing to properly orient and place the second toe into a proper position so as to avoid further subluxation;

(e) In allowing the subluxation of the second toe to continue for an extended and excessive period of time by failing to properly correct its positioning, before, during or after the May 2013

surgery;

(f)  In failing to correct the malpositioning of the sesamoids that were lateral to the great toe;

(g)  In allowing the malpositioning of the sesamoids to continue for an extended and excessive period of time by failing to properly correct its positioning, before, during or after the May 2013 surgery;

(h)  In failing to take or order any CT or MRI scans of the left foot to further assess the condition of the left foot and its structures, including the soft tissues;

(i)  In failing to address plaintiff's complaints of pain on the top of her left foot beginning in March 2013 indicating a possible nerve entrapment.

## Prayer

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.  For plaintiff's noneconomic damages in such amount as the jury may deem just and appropriate, in an amount that at this time is alleged not to exceed $3,000,000.00;

2.  For plaintiff's economic damages, subject to amendment, in such amount as the jury may deem just and appropriate, in an amount that exceeds $75,000.00;

3.  For plaintiff's costs and disbursements incurred herein;

4.  For such other relief as the court may deem appropriate.

DATED this 9th day of February, 2015.

J. WILLIAM SAVAGE, P.C.

s/ J. William Savage
J. William Savage, OSB 773347
Of Attorneys for Plaintiff
Trial Attorney

Page 7 – COMPLAINT (Medical Negligence / Personal Injury) 28 U.S.C. §1332  Demand for Jury Trial

<u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

                              J. WILLIAM SAVAGE, P.C.


                              <u>s/ J. William Savage</u>
                              J. William Savage, OSB 773347
                              Of Attorneys for Plaintiff
                              Trial Attorney

<u>Plaintiff's Attorneys</u>
J. William Savage, OSB 773347
J. William Savage, P.C.
620 S.W. Fifth Avenue, #1125
Portland, OR  97204
Phone: (503) 222-0200
Fax: (503) 248-0200
Emails:           jwsavage@earthlink.net